UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JULIE THRASHER**                                                    **CVIL ACTION**

**VERSUS**

**JULIUS J. LIPS, SR., ET AL**                                **No.  07-141-C**

## ORDER

      This action arises from a civil action for damages which plaintiff, Julie Thrasher, allegedly sustained in a multiple vehicle traffic accident which occurred on September 15, 2004.  Plaintiff filed suit in state court and named as defendant, Brian Combs, along with several others.  The United States of America ("United States") filed a motion to substitute itself for defendant Brian Combs, an employee of the United States Army.  The United States also filed a motion to remove the matter to federal court.  Thereafter, the matter was removed to this Court and the United States was substituted as a defendant for Brian Combs, who was dismissed from the suit.

      On October 11, 2007, the Court granted a Motion to Dismiss (Doc. No. 8) filed by the defendant United States.  In the motion, the United States asserted that the plaintiff had not exhausted her administrative remedies by filing an administrative claim with the Army.  In support of this assertion, the United States submitted the affidavit of Craig Jenkins, an employee of the United States Department of Army, Chief of the Claims Branch, Fort Polk, Louisiana,

indicating that plaintiff had not filed an administrative claim.  Absent evidence that plaintiff had complied with this administrative requirement, this Court did not have jurisdiction over the plaintiff's claim and, accordingly, the motion was granted and the United States was dismissed from the suit.

Plaintiff's suit also raised state law claims against the remaining defendants, Julius J. Lips, Sr.; Allstate Insurance Company; DTG Operations; National Casualty Insurance Company; and State Farm Fire and Casualty Company.

Title 28 U.S.C. § 1367(a) provides, in pertinent part, as follows:

> [I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

However, in accordance with Section 1367(c) of Title 28, the court may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction.  The general rule in the Fifth Circuit is for the federal court to decline to exercise jurisdiction over supplemental state law claims.[1]

Therefore, having previously dismissed all of the claims against the United States and considering the interest of judicial economy, convenience, fairness, and comity, the Court declines to exercise jurisdiction over Plaintiff's remaining

---

[1] **Batiste v. Island Records, Inc.,**  179 F.3d 217, 227 (1999).

state law claims against the defendants.  The Court will remand those claims to the state court.

Accordingly,

IT IS ORDERED that the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims against defendants, Julius J. Lips, Sr.; Allstate Insurance Company; DTG Operations; National Casualty Insurance Company; and State Farm and Casualty Company.

IT IS FURTHER ORDERED that the remaining state law claims filed by plaintiff are hereby remanded to the Louisiana 18th Judicial District Court.

Baton Rouge, Louisiana, this 23rd day of July, 2008.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA